Richard J. Mooney, Esq. (SBN: 176486)
Holme Roberts & Owen LLP
560 Mission St. #2500
San Francisco, CA 94105
Telephone: (415) 268-2000
richard.mooney@hro.com

Attorneys for Defendants
I2A Technologies, Inc. and Victor Batinovich

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Semiconductor Components Industries, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> I2A Technologies, Inc., and Victor Batinovich, <br><br> Defendants. | Case No. CV 10-603 TEH <br><br> **Amended Answer and Affirmative Defenses** |

#51674 v1 saf

Pursuant to Fed. R. Civ. P. 12(a), Defendants I2A Technologies, Inc. ("I2A") and Victor Batinovich ("Batinovich"; collectively, "Defendants") hereby answer the Complaint filed by Semiconductor Components Industries LLC ("Semiconductor") in this action.

### Response to Allegations

Responding to the allegations of the Complaint, Defendants state as follows:

1. Defendants admit that the Complaint purports to state causes of action of Conversion, Intentional Interference with Contractual Relations, and Unjust Enrichment against Defendants. Except as thus expressly admitted, Defendants deny any other allegation(s) explicit or implicit in the paragraph.

2. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's motive for bringing this suit, and on that basis deny it. Defendants deny any other allegation(s) explicit or implicit in the paragraph.

3. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation(s) in paragraph 3, and on that basis deny them.

4. Defendants admit that I2A is a California corporation with its principal place of business at 3399 West Warren Avenue in Fremont, California (94538). Except as thus expressly admitted, Defendants deny any other allegation(s) explicit or implicit in the paragraph.

5. Defendants admit that Batinovich resides at 3085 Paseo Vista Avenue in San Martin, CA (95046), and that he is the President and CEO of I2A. Except as thus expressly admitted, Defendants deny any other allegation(s) explicit or implicit in the paragraph.

6. Defendants admit that this Court has original subject matter jurisdiction over the claims currently pled. Except as thus expressly admitted, Defendants deny any other allegation(s) explicit or implicit in the paragraph.

7. Defendants admit that this Court has personal jurisdiction over Defendants.

8. Defendants admit that venue is currently proper in this Court. Except as thus expressly admitted, Defendants deny any other allegation(s) explicit or implicit in the paragraph.

9. Defendants admit that this action is properly assigned to either the San Francisco or Oakland Divisions of the Court, pursuant to Local Rule 3-2(d). Except as thus expressly admitted, Defendants deny any other allegation(s) explicit or implicit in the paragraph.

10. Defendants admit that in December 2009, Plaintiff sent a wire transfer to I2A in an amount of approximately $600,000. Defendants admit that the amount sent substantially exceeded the amount owed by Plaintiff to I2A. Defendants lack sufficient knowledge or information to form a belief as to whether the person who made the transfer acted because of mistake or that a transfer of that size was due from I2A to a third party, and on that basis deny thos allegations. Except as thus expressly admitted, Defendants deny any other allegation(s) explicit or implicit in the paragraph.

11. Defendants admit that Plaintiff contacted I2A personnel on January 6 and January 13, seeking a return of a portion of the wired funds. Defendants deny that I2A did not respond to messages from Plaintiff, as I2A emailed Plaintiff regarding the situation on at least January 30, 2010 and February 15, 2010. Except as thus expressly admitted, Defendants deny any other allegation(s) explicit or implicit in the paragraph.

12. Defendants admit that Plaintiff sent a letter on or about January 29, 2010 similar to the letter described in paragraph 12. Except as thus expressly admitted, Defendants deny any other allegation(s) explicit or implicit in the paragraph.

13. Defendants admit that Mr. Batinovich sent a message via electronic mail to Plaintiff on January 30, 2010 (not January 31 as alleged), in which Mr. Batinovich noted that he was not previously aware of the issue because he was out of the country and I2A's accounting and finance service is outsourced. Mr. Batinovich noted that agreed that I2A did not "have [a] right to something that is not rightfully ours" and that I2A "will do what is right." The email did not discuss what portion of the wire transfer was in excess of the amount owed. Mr. Batinovich concluded by noting "I will do my best remotely, however and in any case when I return back to US." Except as thus expressly admitted, Defendants deny any other allegation(s) explicit or implicit in the paragraph.

14. Defendants admit that Plaintiff has sought to arrange for the return of the funds wired by Plaintiffs to I2A. Except as thus expressly admitted, Defendants deny any other allegation(s) explicit or implicit in the paragraph.

15. Defendants are without sufficient knowledge to form a belief as to the accuracy of the allegation regarding a February 8, 2010 email, and on that basis deny it. Defendants admit that Mr. Batinovich informed Plaintiff that while he was out of the country only a portion of the overpayment could be sent each month, and that the amount owed (whatever that might be) would be returned "+ interest." Except as thus expressly admitted, Defendants deny any other allegation(s) explicit or implicit in the paragraph.

### First Cause of Action (Conversion)

16. Defendants incorporate all responses included in the preceding paragraphs.

17. Defendants admit that a portion of the funds transferred by Plaintiff to I2A were in excess of the amount owed by Plaintiff to I2A and that Plaintiff has certain legal rights relating to that excess. Defendants deny that Plaintiff is entitled to reversal of the action that it itself took on the terms at the time of its choosing, without regard to I2A's needs and abilities. Except as thus expressly admitted, Defendants deny any other allegation(s) explicit or implicit in the paragraph.

18. Defendants deny that Mr. Batinovich acquired (wrongfully or not) any property of Plaintiff's. Defendants deny that I2A "wrongfully acquired" any such property, as it had no involvement in Plaintiff's unilateral action sending the money. Defendants deny that either I2A or Mr. Batinovich "intentionally refused to return [Plaintiff's] property," in light of the limitations imposed on I2A's finances by Mr. Batinovich's absence from the country. Except as thus expressly admitted, Defendants deny any other allegation(s) explicit or implicit in the paragraph.

19. Defendants admit that Plaintiff has suffered damage, which damage was proximately caused by Plaintiff's own conduct in wiring money it now wishes it had not. Defendants lack sufficient knowledge to form a belief regarding the allegation that Plaintiff "will continue to suffer great and irreparable harm," and on that basis deny it. Defendants deny that

"damages" is the proper measure of recovery on a conversion cause of action, even if conversion were proven. Except as thus expressly admitted, Defendants deny any other allegation(s) explicit or implicit in the paragraph.

20. Defendants deny the allegations of paragraph 20.

**Second Cause of Action (Intentional Interference with Contractual Relationships)**

21. Defendants incorporate all responses included in the preceding paragraphs.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first two sentences of paragraph 22, and on that basis deny them. Defendants admit that they are aware that Plaintiff has at least some business relationships, and that they presume that at least some of them are "valid and productive." Except as thus expressly admitted, Defendants deny any other allegation(s) explicit or implicit in the paragraph.

23. Defendants lack sufficient knowledge or information to form a belief as to the impact, if any, that Plaintiff's wire transfer and its aftermath have had on the relationship between i2 Technologies and Plaintiff, and therefore deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

**Third Cause of Action (Unjust Enrichment)**

25. Defendants incorporate all responses included in the preceding paragraphs.

26. The funds that Plaintiff sent to I2A in excess of the amount that it owed I2A are being returned with interest to Plaintiff, and Defendants therefore deny that I2A has been or will be unjustly enriched by Plaintiff's wire transfer and its aftermath.

27. The funds that Plaintiff sent to I2A in excess of the amount that it owed I2A are being returned with interest to Plaintiff, and Defendants therefore deny that I2A benefited from the wire transfer.

28. The funds that Plaintiff sent to I2A in excess of the amount that it owed I2A are being returned with interest to Plaintiff, and Defendants therefore deny that Plaintiff suffered or will suffer harm.

29. Defendants deny that "damages" is the proper measure of recovery on a conversion cause of action, even if conversion were proven.

## Affirmative Defenses

Discovery has not yet commenced (and likely never will, since the money claimed is being paid to Plaintiff). If discovery reveals facts supporting one or more affirmative defenses, Defendants will assert them at that time.

## Prayer

Wherefore, Defendants pray as follows:

1. That Plaintiff take nothing by the complaint and the complaint be dismissed with prejudice.

2. That Defendants be awarded their costs of suit, including reasonable attorneys' fees.

3. For such other and further relief as this Court deems just and proper.

Dated: May 20, 2010

Holme Roberts & Owen LLP

By: _____
Richard J. Mooney
Attorneys for Defendants

5
*Semiconductor Components Industries LLC v. I2A Technologies, Inc.* No. CV10-00603
Amended Answer and Affirmative Defenses

#51674 v1 saf