MICHAEL A. OBLON, (*admitted pro hac vice*)
MOblon@perkinscoie.com
PERKINS COIE LLP
607 14th Street N.W.
Washington, D.C. 20005-2003
Telephone: (202) 434-1600
Facsimile: (202) 434-1690

Euphemia N. Thomopulos, SBN 262107
EThomopulos@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Attorneys for Plaintiff
SEMICONDUCTOR COMPONENTS
INDUSTRIES, L.L.C.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C. (dba ON Semiconductor),<br><br>Plaintiff,<br><br>v.<br><br>I2A TECHNOLOGIES, INC., and VICTOR BATINOVICH,<br><br>Defendants. | Case No. CV 10-603 TEH<br><br>**NOTICE OF MOTION AND PLAINTIFF SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C.'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      August 9, 2010<br>Time:     9:00 a.m.<br>Ctrm.:     Courtroom 12, 19th Floor<br>Before:   Hon. Thelton E. Henderson |

TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on August 9, 2010 at 9:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Thelton E. Henderson, presiding in Courtroom 12, on the nineteenth floor of the United States District Court for the Northern District, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Semiconductor Components Industries, L.L.C. ("ON Semiconductor") will, and hereby does, move the Court, pursuant to Federal Rule of Civil Procedure 12(c), for an order granting its Motion for Judgment on the Pleadings against Defendants I2A Technologies, Inc. and Victor Batinovich (collectively, "Defendants").  This Motion is made on the ground that, as revealed on the face of the pleadings, Defendants admit to remaining in possession of property rightfully belonging to ON Semiconductor.  As a result, ON Semiconductor is entitled to judgment in its favor on its First and Third causes of action.

The Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support hereof, as well as the pleadings and papers on file in this litigation, and such other and further arguments as may be permitted at the hearing on the Motion.

DATED: June 23, 2010             **PERKINS COIE LLP**

                                 By: /s/ Michael A. Oblon
                                     Michael A. Oblon

                                 Attorney for Plaintiff
                                 Semiconductor Components Industries, L.L.C.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF UNDISPUTED FACTS

On December 18, 2009, ON Semiconductor mistakenly sent a wire transfer of $613,649.46 to I2A's bank account. Plaintiff's Complaint ("Complaint") ¶ 10; *see also* Defendants' Amended Answer and Affirmative Defenses ("Answer") ¶ 10. ON Semiconductor intended to send the funds to one of its vendors, i2 Technologies, and not to I2A. (Complaint ¶ 23); *see also* (Answer ¶ 23.) ON Semiconductor discovered the mistake on January 4, 2010 and immediately telephoned and sent e-mails to I2A on January 6, 2010 and January 13, 2010, to explain that the wire transfer was a mistake and try to arrange for I2A to return the money. (Answer ¶ 11.) On January 30, 2010, Mr. Batinovich sent an e-mail to ON Semiconductor responding to the letter. He recognized that ON Semiconductor mistakenly transferred the funds to I2A, conceded that I2A did not "have [a] right to something that is not rightfully ours" and promised that I2A would "do what is right." (*Id.* ¶ 13.) Between January 31, 2010 and February 8, 2010, ON Semiconductor tried repeatedly to contact I2A and Mr. Batinovich to arrange a time and date for returning the funds to ON Semiconductor. As a result of the Defendants' repeated failure to return its funds, ON Semiconductor filed its Complaint on February 10, 2010, exercising this Court's diversity jurisdiction. (Complaint ¶ 6.) After the Complaint was filed, Mr. Batinovich wrote an e-mail to ON Semiconductor, stating that only a portion of its funds could be returned each month, and promising that the amount Defendants owed to ON Semiconductor would be returned "+ interest." (Answer at ¶ 15); *see also* (Complaint ¶ 15.)

On May 20, 2010, Defendants filed their Amended Answer and Affirmative Defense. Defendants do not dispute the fact that they remain in possession of a substantial portion of ON Semiconductor's funds. (Answer ¶ 13.) As of the date of this motion, Defendants are still in possession of the vast majority of ON Semiconductor's funds that were mistakenly transferred.[1]

---

[1] Currently, only $180,000 has been transferred back to ON Semiconductor. Defendants transferred $50,000 on February 9, 2010, $30,000 on February 10, 2010, $50,000 on April 1, 2010 and $50,000 on June 1, 2010.

1  **II.  ARGUMENT**

2      **A.  Standard of Review**

3      A motion for judgment on the pleadings may be brought at any time after the close of pleadings but before trial. Fed. R. Civ. Proc. 12(c). Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The court must assume the truthfulness of the material facts alleged in the complaint. *Id.* at 925. "All allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party. As a result, a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventists Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

    Although Fed. R. Civ. Proc. 12(c) does not specifically authorize a motion for judgment on the pleadings directed to less than the entire complaint or answer, it does not specifically prohibit such a motion, and it "is the practice of many judges to permit 'partial' judgment on the pleadings, if appropriate, especially where, as here, judgment on certain claims will render remaining claims moot. *Curry v. Baca*, 497 F. Supp. 2d 1128, 1130-31 (C.D. Cal. 2007); *see Moran v. Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993) ("it is common practice to apply Rule 12(c) to individual causes of action") (*overruled on other grounds*). A motion for judgment on the pleadings is a vehicle for summary adjudication, but the standard is like that of a motion to dismiss. *Mag Instrument, Inc. v. JS Products, Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. Dec. 17, 2008). It is "functionally identical" to a motion to dismiss for failure to state a claim. *Id.* Where a court grants a plaintiff's motion for judgment on the pleadings as to a defendant's answer, the court has the discretion to decide the action in the plaintiff's favor. *See Allstate Ins. Co. v. LaPore*, 762 F.Supp. 268 (N.D. Cal. 1991) (granting plaintiff's motion for judgment on the pleadings and holding plaintiff had no duty to indemnify defendant).

    In the case at hand, ON Semiconductor is entitled to judgment on the pleadings. Throughout their Answer, Defendants admit they are in possession of funds mistakenly

1  transferred to them from ON Semiconductor, and that those funds greatly exceed any monies
2  currently due to them.  (Answer ¶¶ 10, 13, 15, 17.)  Accordingly, ON Semiconductor respectfully
3  requests the Court to grant judgment in favor of ON Semiconductor on its First and Third Causes
4  of Action.

   **B.   ON Semiconductor's Claim for Conversion Should Be Granted as a Matter of Law.**

7  Jurisdiction of this action is based on diversity of citizenship and therefore California law
8  is controlling.  *Gang v. Hughes*, 111 F. Supp. 27, 28 (D.C. Cal. 1953) (citing *Erie R. Co. v.
9  Tompkins*, 304 U.S. 64 (1938)).  In California, conversion is defined as the wrongful exercise of
10 dominion over another's personal property in denial of or inconsistent with his rights in the
11 property.  *In re Bailey,* 197 F.3d 997, 1000 (9th Cir. 1999) (citing *Igauye v. Howard,* 114 Cal.
12 App. 2d 122, 126, (1952)).  The elements of conversion are (1) the plaintiff's ownership or right
13 to possession of the property; (2) the defendant's conversion by wrongful act inconsistent with
14 the property rights of the plaintiff; and (3) damages.  *In re Emery*, 317 F.3d 1064, 1069 (9th Cir.
15 2003) (citing *Burlesci v. Petersen,* 68 Cal. App. 4th 1062, 1065 (1998)).  In California,
16 "[c]onversion is a strict liability tort [whereby, t]he foundation of the action rests neither in the
17 knowledge nor the intent of the defendant."  *Bailey v. County of San Joaquin*, 671 F. Supp. 2d
18 1167, 1178 (E.D. Cal. 2009) (quoting *Burlesci,* 68 Cal. App. 4th at 1066 (1998)).  Specifically, a
19 defendant can be liable for conversion even where he acted in good faith, lacked knowledge of
20 the conversion, or lacked motive to commit the tort.  *Bailey*, 671 F. Supp. 2d at 1178.
21 There is no factual dispute that the majority of the funds mistakenly transferred into
22 Defendants' account rightfully belong to ON Semiconductor.  (Answer ¶¶ 10, 13, 15, 17.)
23 Despite ON Semiconductor's repeated attempts to arrange a reasonable time and place for
24 Defendants to return the funds, Defendants remain in possession of ON Semiconductor's
25 property.  *See* (Complaint ¶ 14); *see also* (Answer ¶ 17.)  In their Answer, Defendants admit that
26 I2A received the funds.  (Answer ¶ 10.)  Defendants also admit that Victor Batinovich, acting as
27 President and CEO of I2A, acknowledged that I2A received the funds and promised to, on behalf
28 of I2A, return the funds to ON Semiconductor.  (Answer ¶ 13.)  Although Defendants deny that

- 3 -
NOTICE OF MOTION; MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES
Case No. CV 10-603 TEH

I2A "wrongfully acquired" the funds (Answer ¶ 18), a claim for conversion does not require that Defendants' acquired ON Semiconductor's funds through a wrongful act. A claim for conversion may be sufficient where a defendant exercises control over another person's property and refuses to return it to the rightful owner. *See Mahajan v. Kumar*, 2009 WL 3055225, *5 (E.D. Cal. Sept. 21, 2009) (holding that plaintiff sufficiently pled all the elements of conversion where plaintiff voluntarily deposited his funds into the defendants' bank accounts and defendants refused to return the funds to plaintiff when he requested them.) Because Defendants admit they received the funds, judgment on the pleadings is appropriate.

Defendants' unlawful conduct continues to damage ON Semiconductor by preventing it from using the funds wrongfully transferred to Defendants to conduct business with its other vendors. Additionally, the ongoing loss of the funds in question has and will continue to cause ON Semiconductor to incur extensive damages, which Defendants themselves recognize. (Answer ¶ 19.) To this date, ON Semiconductor incurred significant and completely unnecessary costs for the following tasks: (1) preparing and filing a Complaint; (2) preparing and filing this Motion for Judgment on the Pleadings; (3) preparing a motion for sanctions under Rule 11 of Federal Rules of Civil Procedure (4) all additional costs related to maintaining this action.

Defendants offer no affirmative defenses in support of their denial of the conversion claim. *See generally* Answer. Accordingly, ON Semiconductor's claim for conversion should be granted as a matter of law.

**C.    ON Semiconductor's Third Claim for Unjust Enrichment Should Be Granted as a Matter of Law.**

In order to state a claim for unjust enrichment, a plaintiff must allege (1) that defendants received an unjust benefit and (2) and the unjust benefit was retained at plaintiffs' expense. *In re Actimmune Marketing Litigation*, 2009 WL 3740648, *16 (N.D. Cal. Nov. 6, 2009) (quoting *Peterson v. Cellco P'ship,* 164 Cal. App. 4th 1583, 1593 (2008)). "The theory of unjust enrichment requires one who acquires a benefit which may not justly be retained, to return either the thing or its equivalent to the aggrieved party so as not to be unjustly enriched." *Id.* (quoting *Otworth v. Southern Pac. Trans. Co.*, 166 Cal. App. 3d 452, 460 (1985)). Restitution is not

1  ordinarily available to a plaintiff unless "the benefits were conferred by mistake, fraud, coercion
2  or request; otherwise, though there is enrichment, it is not unjust." *Id.* (quoting *Nibbi Bros., Inc.*
3  *v. Home Federal Sav. & Loan Assn.,* 205 Cal. App. 3d 1415, 1422 (1988)).

4      Defendants admit that the wire transfer ON Semiconductor mistakenly sent to them
5  "substantially exceeded the amount owed by Plaintiff to I2A." (Answer ¶ 10.) Defendants also
6  admit that they are still in possession of a portion of the funds and state that the funds in excess of
7  the amount owed to I2A "are being returned with interest to Plaintiff." (Answer ¶¶ 26, 27, 28).
8  There is no factual dispute as to whether Defendants' are in possession of ON Semiconductor's
9  property. Defendants have been unjustly enriched through their mere possession of ON
10 Semiconductor's property, regardless of how they came into possession of that property. Money
11 can be lawfully acquired yet restitution can be owed, because of unjust enrichment and unjust
12 impoverishment. *Republic W. Ins. Co. v. Spierer, Woodward, Willens, Denis & Furstman*, 68
13 F.3d 347, 352 (9th Cir. 1995). For example, whenever someone accidentally pays a $100 creditor
14 $1,000 by mistake, the $900 is owed under restitution theory, although the creditor did nothing
15 wrong to obtain it. *Id.* The situation described in *Republic* is identical to the facts of this case.
16 Defendants' promises to eventually return the balance of the funds to ON Semiconductor do not
17 constitute a defense to an unjust enrichment claim. Accordingly, ON Semiconductor's claim for
18 unjust enrichment should be granted as a matter of law.

19 **III.   CONCLUSION**

20     For the reasons set forth above, and in all of the parties' pleadings, ON Semiconductor
21 respectfully requests that the Court grant this Motion for Judgment on the Pleadings as to
22 Plaintiff's First and Third causes of action, dismiss the remaining causes of action as moot, and
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  enter an order requiring Defendants to return to ON Semiconductor its funds plus interest, and
2  any and all punitive and exemplary damages.
3
4  DATED:  June 23, 2010                              **PERKINS COIE LLP**
5
                                                      By: /s/ Michael A. Oblon
6                                                          Michael A. Oblon
7                                                     Attorney for Plaintiff
                                                      Semiconductor Components Industries, L.L.C.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 6 -
NOTICE OF MOTION; MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES
Case No. CV 10-603 TEH

...

<u>Certificate of Service</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 23rd day of June, 2010, with a copy of this document via the Court's CM/ECF system. I certify that all parties who have appeared in this case are represented by counsel who are CM/ECF participants. Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

                                          /s/ Cheryl Allen
                                                Cheryl Allen