Richard Mooney, Esq. (SBN 176486)
    richard.mooney@hro.com
HOLME ROBERTS & OWEN LLP
560 Mission St. #2500
San Francisco, California  94105
Telephone:  (415) 268-2000
Facsimile:  (415) 268-1999

Attorneys for Defendants
I2A Technologies, Inc. and Victor Batinovich

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Semiconductor Components Industries,<br><br>          Plaintiff,<br><br>     vs.<br><br>I2A Technologies, Inc., and Victor Batinovich,<br><br>          Defendants.<br>_____ | Case No. CV 10-603 TEH<br><br>**Opposition to Motion for Judgment on the Pleadings**<br><br>Date:  Augsut 9, 2010<br>Time: 10:00 a.m.<br>Crtrm:  12 (Hon. Thelton E. Henderson) |

52648 v1 saf

1    Defendants I2A Technologies, Inc. ("I2A") and Victor Batinovich ("Batinovich")

2  respectfully oppose the motion for judgment on the pleadings (the "Motion") filed by Plaintiff

3  Semiconductor Components Industries (dba ON Semiconductor) ("ON Semiconductor" or

4  "Plaintiff").

5  **I.    ARGUMENT**

6    The Motion is properly denied for at least two independently sufficient reasons, *viz.*,

7  (1) a plaintiff's motion for judgment on the pleadings may be granted only if allegations or

8  admissions in the answer are sufficient to support entry of judgment, and (2) nowhere is it even

9  alleged (let alone admitted) *how much* money is supposedly due ON Semiconductor, even if

10  liability could be established.[1]

11    **A.    The Pleadings Do Not Support a Liability Holding**

12    As Plaintiff concedes, in considering the motion for judgment on the pleadings the

13  Court must accept as true all allegations made by the non-moving party, and must construe those

14  allegations in the light most favorable to the non-moving party. *See* Motion at 2 (citing *General*

15  *Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventists Congregational Church*,

16  887 F.2d 228, 230 (9th Cir. 1989)).  Plaintiff's allegations are not evidence, and are not accepted as

17  true unless admitted by Defendants. *See id.* at 230 ("As a result, a plaintiff is not entitled to

18  judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat

19  recovery.  Similarly, if the defendant raises an affirmative defense in his answer it will usually bar

20  judgment on the pleadings.").

21    1.    Conversion

22    Plaintiff first seeks judgment on its claim for conversion.  As Plaintiff admits, the

23  elements of conversion are "(1) the plaintiff's ownership or right to possession of the property;

24  (2) the defendant's conversion by wrongful act inconsistent with the property rights of the plaintiff;

25  _____

[1]    Oddly, Plaintiff's motion seeks entry of judgment not only against I2A but also against
26  Batinovich.  Of course, there is not even an allegation – let alone an admission – that any of the
funds at issue were ever received by Batinovich.  In addition, Defendants flatly deny that
27  Batinovich has received *any* funds, making judgment against him completely impossible. *See*
Answer ¶ 18.  The request for punitive damages and interest are even further out of the ballpark.
28

1 | and (3) damages." Motion at 3 (citing *In re Emery*, 317 F.3d 1064, 1069 (9th Cir. 2003)).  Here,

2 | even assuming that I2A has funds that rightfully belong to Plaintiff (which is not demonstrable

3 | from the pleadings, *see infra*), Defendants do not admit *any* of the three requirements, let alone

4 | each of them.

5 |        *First*, although Plaintiff asserts a right to possession of some portion of the

6 | transferred money, Defendant's answer does not admit any legal right to possession.  To the

7 | contrary, the answer admits only that Mr. Batinovich in an email said he would do what was right

8 | and that I2A did not have a right to what it did not have a right to (which is merely a tautology).

9 | Answer ¶ 13.  This is not an admission of legal entitlement to possession, but rather a statement of

10 | morals.  And even if the email *were* an admission of entitlement, the email would still merely be

11 | *evidence*.  The *answer* only admits that such an email was sent, it does not admit that the email was

12 | an accurate statement of the law or that Plaintiff in fact has a right to possession.  Indeed, the

13 | Answer denies it.  *See* Answer ¶ 13 ("Except as thus expressly admitted [*i.e.*, that the email was

14 | sent and the contents of the email], Defendants deny any other allegation(s) explicit or implicit in

15 | the paragraph.").  The formal pleading, not an email sent without representation of counsel, is the

16 | basis for determining a motion for judgment on the pleadings.

17 |        *Second*, Plaintiff does not even allege "conversion by wrongful act" and Defendants

18 | certainly do not admit it.  Rather, Defendants admit that Plaintiff sent I2A money.  Amended

19 | Answer ("Answer") ¶ 10.  Defendants took no action that caused Plaintiff to send the money.  *Id.*;

20 | *see also id.* ¶ 18 ("Defendants deny that I2A 'wrongfully acquired' any such property, as it had no

21 | involvement in Plaintiff's unilateral action sending the money.").  Defendants deny that I2A sent it

22 | by mistake, if that were relevant.  *Id.* ¶ 10.  In the only controlling conversion case cited by

23 | Plaintiff, there must be an affirmative act by the defendant to support the claim.  *See, e.g., In re*

24 | *Emery*, 317 F.3d 1064 (9th Cir. 2003) (no conversion occurred); *see also Bailey v. County of San*

25

26

27

28

*Semiconductor Components Industries v. I2A Technologies* (Case No. CV 10-603 TEH)
Opposition to Motion for Judgment on the Pleadings

#52648 v1 saf

1   *Joaquin*, 671 F. Supp. 2d 1167 (E.D. Cal. 2009) (cited by Plaintiff) (defendant took the plaintiff's

2   dog).[2]

3           *Third*, Defendants do not admit that I2A caused Plaintiff to suffer damages.  Rather,

4   as made clear in the Answer, Defendants allege that Plaintiff caused itself damages, not that

5   Defendants did.  Answer ¶ 19.  Plaintiff attempts to avoid this shortcoming by blithely asserting

6   that "the ongoing loss of the funds in question has and will continue to cause ON Semiconductor to

7   incur extensive damages, which Defendants themselves recognize.  (Answer ¶ 19.)."  Motion at 4.

8   The assertion is flatly untrue.  Paragraph 19 of the Answer actually states:  "Defendants lack

9   sufficient knowledge to form a belief regarding the allegation that Plaintiff 'will continue to suffer

10  great and irreparable harm,' and on that basis deny it."  Answer ¶ 19.  And of course Plantiff's

11  assertion that it has incurred attorneys fees in this action (which were completely unnecessary, as it

12  is being repaid with interest) is untethered to any allegation in the Complaint, let alone an

13  admission in the Answer.

14          2.     <u>Unjust enrichment</u>

15          Plaintiff asserts that proving a claim for unjust enrichment requires demonstrating

16  "(1) that defendants received an unjust benefit and (2) and [*sic*] the unjust benefit was retained at

17  plaintiffs' expense."  Motion at 4 (citing *In re Actimmune Marketing Litigation* 2009 WL 3740648

18  (N.D. Cal. 11/6/09)).  As Plaintiff admits, there is no cause of action unless Defendants admit (or

19  Plaintiff proves with evidence) that "'the benefits were conferred by mistake, fraud, coercion or

20  request.'"  *Id.* at 5 (quoting *Actimmune*).  Here again, there are no admissions in the Answer

21  sufficient to impose liability under this theory without actual *evidence* presented by Plaintiff.

22

23

_____

24  [2]     The only case possibly to the contrary that Plaintiff cites or Defendants have located is the
unpublished decision in *Mahajan v. Kumar*, 2009 WL 3055225 (E.D. Cal. 9/21/09).  There, the

25  court held without citation to any authority that Plaintiff could state a conversion claim against the
brothers of the defendant who fraudulently induced plaintiff to transfer his money to bank accounts

26  controlled by those brothers, even if the brothers themselves did not participate in the fraud that led
to the transfers.  Even if this were a correct statement of California law as authoritatively set out in

27  *In re Emery*, it is patently distinguishable from the present case in which the money transfer was
not wrongfully induced.

28

#52648 v1 saf

1    Instead, Plaintiff simply attempts to put the rabbit in the hat by blithely asserting:

2    "Defendants admit that the wire transfer ON Semiconductor mistakenly sent to them 'substantially

3    exceeded the amount owed by Plaintiff to I2A.' (Answer ¶ 10.)" The reason the first part of the

4    sentence is not in quotes is because it is not an accurate summary of the Answer. To the contrary,

5    the Answer states: "Defendants lack sufficient knowledge or information to form a belief as to

6    whether the person who made the transfer acted because of mistake or that a transfer of that size

7    was due from I2A to a third party, and on that basis deny those allegations." Answer ¶ 10. Thus,

8    far from *admitting* the critical question of mistake [which Plaintiff concedes it must *prove* if not

9    *admitted*], Defendants *deny* it. In addition, Defendants expressly deny that any enrichment I2A

10   may have received was unjust. Answer ¶ 26. For each of these independent reasons, the motion is

11   properly be denied with respect to the unjust enrichment claim.

12       **B.    No Judgment Is Possible**

13       Even if the pleadings were sufficient to establish liability (which they are not, as

14   detailed above), it still would not be possible to enter judgment since there are no allegations – and

15   certainly no admissions – establishing the amount of money that would be due Plaintiff. (This is an

16   obvious problem with a motion for judgment on the pleadings filed by a Plaintiff, and presumably

17   why the only two cases cited by Plaintiff in which a plaintiff prevailed on a motion for judgment on

18   the pleadings involved (1) solely a request for declaratory relief (*see Allstate Insurance Co. v.*

19   *LaPore*, 762 F. Supp. 268 (N.D. Cal. 1991), or (2) solely a request for judgment on certain of

20   defendant's affirmative defenses (which was no "judgment" at all) (*see Mag Instrument, Inc. v. JS*

21   *Products, Inc.*, 595 F. Supp. 2d 1102 (C.D. Cal. 2008)).

22       Here, Plaintiff alleges that it transferred $613,649.46 to I2A. Complaint ¶ 10.

23   Plaintiff admits in the Complaint that it owed I2A some funds, in an amount it describes as "under

24   $25,000." *Id.* Defendant admits in its answer that "Plaintiff sent a wire transfer to I2A in an

25   amount of approximately $600,000" and that "the amount sent substantially exceeded the amount

26   owed by Plaintiff to I2A," and denied all other allegations. Answer ¶ 10. Thus, for purposes of

27   this motion, the (only) established facts are that in December 2009, I2A received a "substantial[]"

28   amount more than it was owed on the day of receipt. At best, therefore, Plaintiff's motion requests

4
*Semiconductor Components Industries v.I2A Technologies* (Case No. CV 10-603 TEH)
Opposition to Motion for Judgment on the Pleadings

#52648 v1 saf

1  entry of a judgment directing I2A to pay Plaintiff "a substantial amount of money." Such a

2  judgment is of course completely untenable, and could not be entered or enforced.

3          In addition, there are no allegations (or admissions) regarding other moneys owed

4  by Plaintiff to I2A since February 2010 or the amount of payments made by I2A pursuant to its

5  plan to return the money that it believes "should" be returned. Indeed, Plaintiff asserts in its brief

6  (without even providing evidence, let alone pointing to an admission) that $180,000 has been

7  returned from I2A to Plaintiff. *See* Motion at 1 n.1. Thus, Plaintiff apparently seeks a judgment

8  for "a substantial amount of money minus $180,000," without even a pleading admission that "a

9  substantial amount of money" is more than $180,000.

10         This simply demonstrates again why Plaintiff cannot prevail on a motion for

11 judgment on the pleadings but must instead present *evidence* in a summary judgment motion to

12 establish the amount, if any, by which its transfer to I2A exceeds the sum of what it owed I2A and

13 what I2A has returned to Plaintiff.

14 **II.     CONCLUSION**

15         Plaintiff must prove its case with evidence, presumably on summary judgment if the

16 dispute is as simple as Plaintiff asserts. Why Plaintiff has not filed such a motion, instead of the

17 clearly procedurally defective motion for judgment on the pleadings, is known only to Plaintiff.

18
   Dated: July 15, 2010                          HOLME ROBERTS & OWEN LLP
19

20
                                          By: _____
21                                            Richard J. Mooney
                                              Attorneys for Defendants
22

23

24

25

26

27

28

*Semiconductor Components Industries v. I2A Technologies* (Case No. CV 10-603 TEH)
Opposition to Motion for Judgment on the Pleadings

#52648 v1 saf