MICHAEL A. OBLON, (*admitted pro hac vice*)
MOblon@perkinscoie.com
PERKINS COIE LLP
607 14th Street N.W.
Washington, D.C. 20005-2003
Telephone: (202) 434-1600
Facsimile: (202) 434-1690

Euphemia N. Thomopulos, SBN 262107
EThomopulos@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Attorneys for Plaintiff
SEMICONDUCTOR COMPONENTS
INDUSTRIES, L.L.C.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> I2A TECHNOLOGIES, INC., and VICTOR BATINOVICH, <br><br> Defendants. | Case No. 10-cv-0603 TEH <br><br> **REPLY TO DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)** <br><br> Date: August 9, 2010 <br> Time: 9:00 a.m. <br> Ctrm.: Courtroom 12, 19th Floor <br> Before: Hon. Thelton E. Henderson |

## I. INTRODUCTION

The core facts underlying this case are undisputed: Plaintiff mistakenly wired over approximately $600,000 to Defendants' bank account, and Defendants took advantage of that mistake by treating the funds as a long-term loan, to be repaid through installments "with

REPLY TO DEFENDANTS' OPPOSITION
CASE NO. 10-cv-0603 TEH

interest" whenever Defendants are inclined to do so. Defendants have conceded in their Amended Answer ("Answer") that they have kept funds of Plaintiff to which they have no right. Because that is all Plaintiff needs to prove to prevail on its First and Third Causes of Action, Plaintiff's Motion for Judgment on the Pleadings ("Motion") should be granted.

## II.     ARGUMENT

Throughout their Amended Answer ("Answer"), Defendants admit they have funds mistakenly transferred to them from ON Semiconductor, and that those funds greatly exceed any monies currently due them. (*See* Answer ¶¶ 10, 13, 15, 17.) Defendants spend much of their Opposition trying to obscure this admission.

### A.     ON Semiconductor's Claim for Conversion Should Be Granted as a Matter of Law.

Defendants raise three objections to Plaintiff's claim for conversion. First, the Defendants argue that their Answer does not admit that Plaintiff has any legal right to possession of a portion of the transferred funds. Opposition at 2. But Defendants' responses prove that they are well-aware the funds in question belong to ON Semiconductor. That is all Plaintiff needs to prove.

Defendants admit that ON Semiconductor sent a wire transfer to I2A in an amount that "substantially exceeded the amount owed by Plaintiff to I2A." Answer ¶ 10. Defendants also admit that ON Semiconductor advised them that the wire transfer was made in error and sought a return of a portion of the wired fund. Answer ¶¶ 11, 12. Mr. Batinovich responded by acknowledging the funds "were not rightfully ours" and promised to return the funds "+ interest." Answer ¶¶ 13, 15. Defendants' admission that they have already returned a small portion of the funds "with interest" to Plaintiff confirms Plaintiff's right to the funds. *See* Answer ¶¶ 26, 27, 28; *see also* Opposition at 3. These admitted facts, even if taken in a light most favorable to the Defendants, prove that Defendants know ON Semiconductor is the rightful owner of the funds.

Next, Defendants argue that they never admitted to "conversion by wrongful act." Opposition at 2. Defendants' actions, as admitted in their Answer, are enough to prove a conversion claim. As stated in the Motion, conversion is a strict liability tort. *See Bailey v. County of San Joaquin*, 671 F. Supp. 2d 1167, 1178 (E.D. Cal. 2009) (quoting *Burlesci v. Petersen,* 68 Cal. App. 4th 1062, 1066 (1998)). There does not have to be an affirmative act by a defendant to support a conversion claim. Rather, "possession of property coupled with refusal to return it is sufficient to support a defendant's liability for conversion." *Express Media Group, LLC v. Express Corp.*, 2007 WL 1394163, *4 (N.D. Cal. May 10, 2007) (quoting *Schroeder v. Auto Driveway Co.*, 11 Cal. 3d 908, 918 (1974)); *see also Sierra Foothills Pub. Util. Dist. v. Clarendon Am. Ins. Co.*, 2006 WL 1350345, *5 (E.D. Cal. May 17, 2006) ("[a] person who refuses to return the property of another or who prevents another from retrieving his property can be liable for conversion.") Defendants admit that a portion of the funds transferred by ON Semiconductor to I2A were more than any amount owed to I2A. Answer ¶¶ 10, 17. Defendants also admit that ON Semiconductor requested that the funds be returned (Answer ¶ 11), and Defendants have never denied they still have ON Semiconductor's funds. Defendants' refusal to return the funds proves a claim for conversion.

Finally, Defendants argue that they have not admitted that I2A caused ON Semiconductor to suffer damages. Opposition at 3. But independent proof of damage under the facts of this case is unnecessary – the admitted fact that Defendants have continued to withhold funds owned by Plaintiff is of itself damage. *See Mahajan v. Kumar*, 2009 WL 2055225, *5 (E.D. Cal. Sept. 9, 2009) (holding that because defendants refused to return plaintiff's funds, the tort of conversion was continuing and plaintiff suffered damages).[1] To hold otherwise would reward Defendants for their one-sided decision to turn a mistake into a loan.

---

[1] In their Opposition, Defendants attempt to distinguish *Mahajan* by implying that the plaintiff's claim for conversion against the defendant brothers was based on the fact that the plaintiff was fraudulently induced into transferring money into the brothers' bank accounts. Opposition at 3, n. 2. This is misstatement of facts. The court in *Mahajan* states, "the factual basis for Plaintiff's claims against [the brothers] is that these three co-controlled one or two additional bank accounts into which Plaintiff deposited funds at [co-defendant]'s request and did

- 3 -

REPLY TO DEFENDANTS' OPPOSITION
CASE NO. 10-cv-0603 TEH

1   The pleadings show that ON Semiconductor made a demand for its funds and Defendants
2   wrongfully remain in possession of the funds. Accordingly, Plaintiff's claim for conversion
3   should be granted as a matter of law.

**B.    ON Semiconductor's Third Claim for Unjust Enrichment Should Be Granted as a Matter of Law.**

Defendants argue that they are not liable under a claim for unjust enrichment because the Answer does not admit the benefit conferred to Defendants was the result of a mistake. That is untrue. ON Semiconductor sent a letter to Victor Batinovich shortly after the wire transfer stating that "the wire transfer was made in error and that the funds were not intended for I2A." Complaint ¶ 12. Defendants admit that Plaintiff sent the letter and that Victor Batinovich responded by promising to do "what is right." Answer ¶¶ 12-13. Defendants were fully aware that the funds belonged to Plaintiff and the transfer was made in error, a fact they concede by their admission they have repaid part of the funds. Answer, ¶¶ 26, 27, 28.

Defendants also note that in their Answer, they "expressly den[ied] that any enrichment I2A may have received was unjust." Opposition at 4. In their Answer, Defendants alleged that because "[t]he funds that Plaintiff sent to I2A in excess of the amount that it owed I2A are being returned with interest to Plaintiff, . . . Defendants therefore deny that I2A has been or will be unjustly enriched." Answer ¶ 26, 27, 28; *see also* Opposition at 3.

That tries to turn a sow's ear into a silk purse. Defendants concede they have retained funds belonging to Plaintiff. The act of returning a portion of the funds, as admitted in their Answer, shows they were fully aware they were unjustly enriched by the wire transfer. *See* Answer ¶ 26, 27, 28. Therefore, ON Semiconductor's claim for unjust enrichment should be granted as a matter of law.

---

not return the money when Plaintiff requested.. . conversion occurred when Plaintiff approached [Defendants] that had control over the money . . . asked for the money to be returned, and was refused." *Mahajan*, 2009 WL at *5. Thus, conversion occurred when demand was made and refused, not when the money was initially deposited.

- 4 -

### C. Judgment Should Be Granted Against Both Mr. Batinovich and 12A.

Defendants argue that Victor Batinovich should not be included in Plaintiff's Motion because he has not personally received any of the funds in question. Opposition at 1, n. 1. But it's clear from Defendants' Answer that Mr. Batinovich controls I2A's decision to retain – rather than return - the mistakenly transferred funds. An individual officer who authorizes, directs, or actively participates in tortious conduct is not shielded by the fact that he was acting within the scope of his official position. *Brooks v. Motsenbocker Advanced Dev., Inc.*, 2008 WL 4790895, *1 (S.D. Cal. Oct. 31, 2008) (quoting *PMC, Inc. v. Kadisha,* 78 Cal. App. 4th 1368, 1379 (2000)). Defendants admit that Mr. Batinovich promised ON Semiconductor he would return its funds. *See* Answer ¶¶ 13, 15. Defendants also admit that there are supposedly "limitations imposed on I2A's finances by Mr. Batinovich's absence from the country." Answer ¶ 15. That Mr. Batinovich's absence supposedly affects I2A's ability to return the funds is a clear indication that he "authorizes and directs" control over the transferred funds. Therefore, he should be held personally liable for his failure to return the funds to ON Semiconductor.

Accordingly, ON Semiconductor respectfully requests the Court to grant judgment in favor of ON Semiconductor on its First and Third Causes of Action.

### D. A Judgment is Appropriate and Should Be Granted.

Finally, citing no case law, Defendants argue that even if the pleadings are enough to show liability, the Court could not enter judgment for Plaintiff because there are no allegations proving the amount of money that would be due Plaintiff. Opposition at 4. This is simply untrue. The Court has the discretion to grant Plaintiff's Motion on liability and then decide damages subsequently, particularly where issues of liability and quantum of damages are separate and distinct. *See e.g., Stoddard v. Ling-Temco-Vought, Inc.*, 513 F. Supp. 314, 328 (C.D. Cal. 1980) (quoting *In Re Master Key Antitrust Litig.*, 528 F.2d 5, 14 (2nd Cir. 1975)) (where issues of liability and damages are distinct and separate, separate trials are appropriate). The issues surrounding liability in this case are straightforward. ON Semiconductor mistakenly sent a wire transfer that substantially exceeded any monies owed to Defendants, and Defendants

refuse to return ON Semiconductor's funds. The quantification and types of damages ON Semiconductor continues to sustain because of Defendants' actions may present separate and more complicated issues. These include Defendants' partial repayment of the funds and any other exemplary and punitive damages judged appropriate by the Court. Thus, if the Court wishes not to resolve the issue of damages now, the Motion should be granted on liability, and damages determined later.

### III. CONCLUSION

For the reasons set forth above, and in all of the parties' pleadings, ON Semiconductor respectfully requests the Court grant Plaintiff's Motion for Judgment on the Pleadings as to Plaintiff's First and Third causes of action, dismiss the remaining causes of action as moot, and enter an order granting judgment for Plaintiff on its First and Third Causes of Action.

DATED: July 26, 2010

**PERKINS COIE LLP**

By: _____/s/_____
      Michael A. Oblon

Attorneys for Plaintiff
SEMICONDUCTOR COMPONENTS
INDUSTRIES, L.L.C.

71058-0007/LEGAL18768482.1

- 6 -

REPLY TO DEFENDANTS' OPPOSITION
CASE NO. 10-cv-0603 TEH

|   |   |
|---|---|
| 1 | <u>Certificate of Service</u> |

2  The undersigned hereby certifies that all counsel of record who are deemed to have
3  consented to electronic service are being served this 26th day of July, 2010, with a copy of this
4  document via the Court's CM/ECF system.  I certify that all parties who have appeared in this
5  case are represented by counsel who are CM/ECF participants.  Any other counsel of record will
6  be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

                                              /s/ Cheryl Allen
                                                  Cheryl Allen

REPLY TO DEFENDANTS' OPPOSITION
CASE NO. 10-cv-0603 TEH