IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SEMICONDUCTOR COMPONENTS
INDUSTRIES, L.L.C.,

    Plaintiff,

v.

I2A TECHNOLOGIES, INC., and
VICTOR BATINOVICH,

    Defendants.

NO. C10-0603 TEH

ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFF'S MOTION FOR
JUDGMENT ON THE
PLEADINGS

This matter comes before the Court on Plaintiff's motion for judgment on the pleadings. After carefully considering the parties' written arguments, the Court finds oral argument to be unnecessary and now VACATES the motion hearing scheduled for August 9, 2010. For the reasons discussed below, the Court GRANTS the motion as to liability but DENIES the motion as to damages, which must be determined by further proceedings.

**BACKGROUND**

Plaintiff Semiconductor Components Industries, L.L.C., which does business as ON Semiconductor,[1] filed this action against Defendant I2A Technologies, Inc., and I2A's president and chief executive officer, Victor Batinovich. The complaint alleges three causes of action: conversion, intentional interference with contractual relationships, and unjust enrichment. ON Semiconductor now moves for judgment on the pleadings on the conversion and unjust enrichment claims and requests dismissal of the remaining claim as moot.

ON Semiconductor alleges that it owed I2A less than $25,000 but mistakenly sent a wire transfer of $613,649.46 to I2A's bank account on December 18, 2009, instead of to

---

[1] The complaint refers to Plaintiff as "Semiconductor Components," but the motion papers use "ON Semiconductor." The Court uses ON Semiconductor to refer to Plaintiff except when quoting the complaint.

1  another vendor to whom the larger amount was owed. Compl. ¶ 10. In its answer, I2A
2  admits that ON Semiconductor "sent a wire transfer to I2A in an amount of approximately
3  $600,000," and that "the amount sent substantially exceeded the amount owed by Plaintiff to
4  I2A." Answer ¶ 10. "Defendants lack sufficient knowledge or information to form a belief
5  as to whether the person who made the transfer acted because of mistake or that a transfer of
6  that size was due from [ON Semiconductor] to a third party." *Id.*

7  ON Semiconductor contacted I2A via electronic mail on January 6 and January 13,
8  2010, to explain the mistake and request a return of a portion of the wired funds. Compl.
9  ¶ 11; Answer ¶ 11. The parties dispute whether I2A responded to those e-mails. *Compare*
10 Compl. ¶ 11 ("I2A did not respond.) *with* Answer ¶ 11 ("I2A emailed Plaintiff regarding the
11 situation on at least January 30, 2010 and February 15, 2010.").

12 ON Semiconductor subsequently sent a letter to Batinovich on January 29, 2010,
13 stating that the wire transfer was erroneously sent to I2A, requesting that I2A return the
14 funds to ON Semiconductor, and providing I2A with instructions on how to send a return
15 wire transfer. Compl. ¶ 12; Answer ¶ 12. In response, Batinovich sent an e-mail to ON
16 Semiconductor noting "that he was not previously aware of the issue because he was out of
17 the country and I2A's accounting and finance service is outsourced." Answer ¶ 13. He also
18 "agreed that I2A did not 'have [a] right to something that is not rightfully ours' and that I2A
19 'will do what is right.'" *Id.* Batinovich's e-mail "did not discuss what portion of the wire
20 transfer was in excess of the amount owed" and "concluded by noting 'I will do my best
21 remotely, however and in any case when I return back to US.'" *Id.* Batinovich further
22 informed ON Semiconductor "that while he was out of the country only a portion of the
23 overpayment could be sent each month, and that the amount owed (whatever that might be)
24 would be returned '+ interest.'" *Id.* ¶ 15.

25 The complaint alleges the following as to ON Semiconductor's conversion claim: that
26 ON Semiconductor "owns the property wrongfully transferred to I2A and Mr. Batinovich
27 that is at issue in this complaint"; that Defendants "wrongfully acquired" ON
28 Semiconductor's property and "intentionally refused to return" such property after ON

2

1   Semiconductor demanded its return; and that ON Semiconductor "suffered damage, and will
2   continue to suffer great and irreparable harm and damage" as a result of these alleged acts.
3   Compl. ¶¶ 17-19. Defendants "admit that a portion of the funds transferred by Plaintiff to
4   I2A were in excess of the amount owed by Plaintiff to I2A and that Plaintiff has certain legal
5   rights relating to that excess," but they "deny that Plaintiff is entitled to reversal of the action
6   that it itself took on the terms at the time of its choosing, without regard to I2A's needs and
7   abilities." Answer ¶ 17. In addition:

> Defendants deny that Mr. Batinovich acquired (wrongfully or not) any property of Plaintiff's. Defendants deny that I2A "wrongfully acquired" any such property, as it had no involvement in Plaintiff's unilateral action sending the money. Defendants deny that either I2A or Mr. Batinovich "intentionally refused to return [Plaintiff's] property," in light of limitations imposed on I2A's finances by Mr. Batinovich's absence from the country.

13  *Id.* ¶ 18. Although "Defendants admit that Plaintiff has suffered damage," they contend that
14  such "damage was proximately caused by Plaintiff's own conduct in wiring money it now
15  wishes it had not." *Id.* ¶ 19.
16          In answering ON Semiconductor's claim for unjust enrichment, Defendants stated that
17  "[t]he funds that Plaintiff sent to I2A in excess of the amount that it owed I2A are being
18  returned with interest to Plaintiff, and Defendants therefore deny that I2A has been or will be
19  unjustly enriched by Plaintiff's wire transfer and its aftermath." *Id.* ¶ 26. Defendants further
20  "deny that I2A benefited [sic] from the wire transfer," *id.* ¶ 27, and "that Plaintiff suffered or
21  will suffer harm," *id.* ¶ 28.

**LEGAL STANDARD**

24          Granting a motion for judgment on the pleadings under Federal Rule of Civil
25  Procedure 12(c) is proper when "the moving party clearly establishes on the face of the
26  pleadings that no material issue of fact remains to be resolved and that it is entitled to
27  judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d
28  1542, 1550 (9th Cir. 1989). In analyzing a Rule 12(c) motion, "[a]ll allegations of fact by the

3

1 party opposing the motion are accepted as true, and are construed in the light most favorable
2 to that party. As a result, a plaintiff is not entitled to judgment on the pleadings when the
3 answer raises issues of fact that, if proved, would defeat recovery." *Gen. Conference Corp.*
4 *of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228,
5 230 (9th Cir. 1989) (citations omitted). Courts may also "consider facts that 'are contained
6 in materials of which the court may take judicial notice.'" *Heliotrope Gen., Inc. v. Ford*
7 *Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (quoting *Barron v. Reich*, 13 F.3d 1370,
8 1377 (9th Cir.1994)).

## DISCUSSION

### I. Conversion

The parties agree that:

> Under California law, conversion is the wrongful exercise of dominion over another's personal property in denial of or inconsistent with his rights in the property. The elements of conversion are (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by wrongful act inconsistent with the property rights of the plaintiff; and (3) damages. In California, conversion is a strict liability tort: Questions of good faith, lack of knowledge, and motive are ordinarily immaterial.

*In re Emery*, 317 F.3d 1064, 1069 (9th Cir. 2003) (citations omitted). "Possession of the property coupled with refusal to return it is sufficient to support a defendant's liability for conversion." *Express Media Group, LLC v. Express Corp.*, No. C 06-3504 WHA, 2007 WL 1394163, at *4 (N.D. Cal. May 10, 2007) (citing *Schroeder v. Auto Driveaway Co.*, 11 Cal.3d 908, 918 (1974)).

Like the defendants in a case decided last year in the Eastern District of California, Defendants here mistakenly construe when the conversion occurred. Conversion did not occur when ON Semiconductor transferred money it did not owe to I2A, thus rendering irrelevant Defendants' arguments that they did nothing to induce ON Semiconductor to transfer over $600,000 to I2A's account. Instead, "[t]he appropriate way of framing the tort in this case is that the conversion occurred when Plaintiff approached . . . Defendants that

4

had control over the money deposited in the accounts, asked for the money to be returned, and was refused." *Mahajan v. Kumar*, Case No. CV F 06-1728 AWI SMS, 2009 WL 3055225, at *5 (E.D. Cal. Sept. 21, 2009).

Defendants make technical arguments as to why their answer cannot be construed to admit the necessary elements for conversion, but the undisputed factual allegations in the pleadings establish Defendants' liability for conversion even when such allegations are construed in a light most favorable to Defendants. Defendants admit in their answer that ON Semiconductor transferred funds to I2A in excess of what ON Semiconductor owed I2A, and that ON Semiconductor had legal rights as to the excess funds. Defendants further admit that ON Semiconductor requested return of those funds, and that this request was denied. Although Defendants admit that ON Semiconductor has suffered damages but deny that their actions caused such damages, "[b]ecause the money has never been returned, the tort of conversion is ongoing and Plaintiff has suffered damage." *Mahajan*, 2009 WL 3055225, at *5. There simply is no issue of fact raised in the answer that, if true, would defeat ON Semiconductor's recovery for conversion or establish that Defendants are entitled to return the excess funds to ON Semiconductor on Defendants' own schedule. Accordingly, ON Semiconductor is entitled to judgment on the pleadings as to liability on its conversion claim.

## II. Unjust Enrichment

As with the conversion claim, the parties agree on the elements of a claim for unjust enrichment: "receipt of a benefit and the unjust retention of the benefit at the expense of another." *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008) (citation and internal alteration omitted). The parties further agree that there is no cause of action unless "the benefits were conferred by mistake, fraud, coercion, or request; otherwise, though there is enrichment, it is not unjust." *Nibbi Bros., Inc. v. Home Fed. Sav. & Loan Ass'n*, 205 Cal. App. 3d 1415, 1422 (1988) (citation omitted).

In this case, Defendants argue that the pleadings fail to establish that the benefits were conferred by mistake, and that their answer also denies that any enrichment was unjust.

5

1 However, although Defendants do not admit that ON Semiconductor transferred the excess
2 funds by mistake, they do not raise any issue of fact that would lead to any other conclusion;
3 they simply state that they "lack sufficient knowledge or information to form a belief as to
4 whether the person who made the transfer acted because of mistake. . . ." Answer ¶ 10.
5 Defendants do not dispute that ON Semiconductor transferred "substantially" more money to
6 I2A than was owed. *Id.* Similarly, although they "deny that I2A has been or will be unjustly
7 enriched by Plaintiff's wire transfer and its aftermath," *id.* ¶ 26, this is not a factual dispute
8 sufficient to defeat liability. Indeed, in the same paragraph, Defendants make clear that the
9 reason they do not believe they have been unjustly enriched is that "[t]he funds that Plaintiff
10 sent to I2A in excess of the amount that it owed I2A are being returned with interest to
11 Plaintiff." *Id.* Defendants do not, however, cite any authority for the proposition that a party
12 who receives funds by mistake from another party may decide when and on what terms to
13 return those funds. Nor can it be disputed that Defendants are retaining the benefit of using
14 the funds in question at the expense of ON Semiconductor. Consequently, the Court
15 GRANTS ON Semiconductor's motion for judgment on the pleadings as to liability on its
16 claim for unjust enrichment.

## III. Damages

Although the Court finds judgment on the pleadings to be appropriate as to liability on the above two claims, the Court agrees with Defendants that a final judgment cannot be entered at this time because the pleadings fail to establish the specific amount that Defendants must return to ON Semiconductor. First, the pleadings allege only that ON Semiconductor owed "under $25,000" to I2A, Compl. ¶ 10; how much under remains a question. Similarly, although the complaint alleges that ON Semiconductor transferred "$613,649.46 to I2A's bank account," *id.*, Defendants admit only that "Plaintiff sent a wire transfer to I2A in an amount of approximately $600,000," Answer ¶ 10. Moreover, ON Semiconductor admits in its moving papers that Defendants have already transferred back $180,000 between February and June 2010. Mot. at 1 n.1. These amounts appear nowhere

6

in the pleadings. Accordingly, while the Court finds it proper to enter judgment on the pleadings as to liability, further proceedings must determine the amount of damages to be awarded.

### IV. Whether Judgment Should Be Entered Against Defendant Batinovich

Finally, Defendants argue that judgment cannot be entered against Defendant Batinovich because "there is not even an allegation – let alone an admission – that any of the funds at issue were ever received by Batinovich." Opp'n at 1 n.1. Indeed, while the complaint alleges that both "I2A and Mr. Batinovich wrongfully acquired Semiconductor Components' property," Compl. ¶ 18, Defendants' answer explicitly denies "that Mr. Batinovich acquired (wrongfully or not) any property of Plaintiff's," Answer ¶ 18.

This disputed fact does not, however, save Batinovich from having judgment entered against him. Under California law, a corporate officer can be held personally liable for the corporation's misconduct if he or she "authorizes, directs, or in some meaningful sense actively participates in the wrongful conduct." *Frances T. v. Village Green Owners Ass'n*, 42 Cal.3d 490, 504 (1986) (internal quotation and citation omitted). As is clear from Defendants' answer, Batinovich exerts control over the funds in I2A's accounts and has actively participated in the withholding of the return of all of the disputed funds to ON Semiconductor. For example, the answer admits that Batinovich told ON Semiconductor that he "will do what is right" and "the amount owed (whatever that might be) would be returned '+ interest.'" Answer ¶¶ 13, 15. Defendants further state in the answer that Batinovich's absence from the country places limitations on I2A's finances. *Id.* ¶¶ 15, 18. The Court is therefore satisfied by the undisputed pleadings that judgment against Batinovich is warranted.

### CONCLUSION

For the reasons discussed above, ON Semiconductor's motion for judgment on the pleadings is GRANTED IN PART and DENIED IN PART. Judgment shall be entered as to

7

liability on the conversion and unjust enrichment claims against both Defendants I2A and Batinovich, with the amount of damages to be determined by further proceedings – including, if necessary, the scheduled January 2011 trial. No judgment shall be entered until after the amount of damages has been determined. If the parties believe that a further case management conference would be helpful to determine how to resolve the amount of damages, they shall contact the Court's courtroom deputy to request a case management conference date.

Pursuant to ON Semiconductor's request, the claim for intentional interference with contractual relationships shall be dismissed.

**IT IS SO ORDERED.**

Dated: 07/30/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT