1  MICHAEL A. OBLON, (*admitted pro hac vice*)
   MOblon@perkinscoie.com
2  PERKINS COIE LLP
   607 14th Street N.W.
3  Washington, D.C. 20005-2003
   Telephone: (202) 434-1600
4  Facsimile: (202) 434-1690

5  Euphemia N. Thomopulos, SBN 262107
   EThomopulos@perkinscoie.com
6  PERKINS COIE LLP
   Four Embarcadero Center, Suite 2400
7  San Francisco, CA 94111-4131
   Telephone: (415) 344-7000
8  Facsimile: (415) 344-7050

9  Attorneys for Plaintiff
   SEMICONDUCTOR COMPONENTS
10 INDUSTRIES, L.L.C.

11

12                    UNITED STATES DISTRICT COURT

13             FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15

16 SEMICONDUCTOR COMPONENTS          Case No. CV 10-603 TEH
   INDUSTRIES, L.L.C. (dba ON
17 Semiconductor),                   **NOTICE OF MOTION AND
                                     PLAINTIFF SEMICONDUCTOR
18              Plaintiff,           COMPONENTS INDUSTRIES,
                                     L.L.C.'S MOTION FOR SUMMARY
19      v.                           JUDGMENT ON COMPENSATORY
                                     DAMAGES PURSUANT TO FED. R.
20 I2A TECHNOLOGIES, INC., and       CIV. P. 56(c); MEMORANDUM OF
   VICTOR BATINOVICH,               POINTS AND AUTHORITIES IN
21                                   SUPPORT THEREOF**

22              Defendants.          Date:      November 22, 2010
                                     Time:      10:00 a.m.
23                                   Ctrm.:     Courtroom 12, 19th Floor
                                     Before:    Hon. Thelton E. Henderson
24

25

26

27

28
                                  - 1 -

TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF

RECORD:

PLEASE TAKE NOTICE that, on November 22, 2010 at 10:00 a.m., or as soon thereafter

as the matter may be heard by the Honorable Thelton E. Henderson, presiding in Courtroom 12,

on the nineteenth floor of the United States District Court for the Northern District of California,

located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Semiconductor

Components Industries, L.L.C. ("ON Semiconductor") will, and hereby does, move the Court,

pursuant to Federal Rule of Civil Procedure 56(c), for an order granting its Motion for Summary

Judgment on Compensatory Damages against Defendants I2A Technologies, Inc. and Victor

Batinovich (collectively, "Defendants").  This Motion is made on the grounds that, as revealed on

the face of the pleadings, there is no genuine issue of material facts as to the damages Defendants

owe to ON Semiconductor as result of their unjust enrichment and conversion of ON

Semiconductor's property.

The Motion is based on this Notice of Motion and Motion, the Memorandum of Points

and Authorities in support hereof, as well as the pleadings and papers on file in this litigation, and

such other and further arguments as may be permitted at the hearing on the Motion.


DATED:  October 18, 2010                    **PERKINS COIE LLP**


                                            By:  /s/ Michael A. Oblon
                                                   Michael A. Oblon

                                            Attorney for Plaintiff
                                            SEMICONDUCTOR COMPONENTS
                                            INDUSTRIES, L.L.C.

PLAINTIFF ON SEMICONDUCTOR'S SUMMARY JUDGMENT MOTION
Case No. CV 10-603 TEH

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.      INTRODUCTION**

3          Plaintiff Semiconductor Components Industries, L.L.C. ("ON Semiconductor"), through

4    its undersigned counsel, respectfully submits its Memorandum of Points and Authorities in

5    Support of its Motion for Summary Judgment for Damages on Compensatory Damages, against

6    Defendants I2A Technologies, Inc. ("I2A") and Victor Batinovich (collectively, "Defendants").

7    On July 30, 2010, this Court entered an Order holding the Defendants jointly liable for unjust

8    enrichment and conversion of ON Semiconductor's property.  *See* Order Granting in Part and

9    Denying in Part Plaintiff's Motion for Judgment on the Pleadings, Case Number 10-cv-603,

10   Docket No. 41 ("Order").  At ON Semiconductor's request, the Court dismissed as moot the only

11   remaining count (tortious interference).  Thus, the only remaining issue in this case is ON

12   Semiconductor's damages.  As discussed below, because there are no material issues of fact

13   related to the amount of compensatory damages Defendants owe to ON Semiconductor, Plaintiff

14   respectfully requests this Court to grant its Motion for Summary Judgment and enter a final order

15   awarding ON Semiconductor $396,114.98 plus prejudgment interest.

16

**II.     STATEMENT OF FACTS**

17

      **A.      Wire Transfer**

18         On December 18, 2009, ON Semiconductor mistakenly wired $613,649.46 to I2A's bank

19   account.  Declaration of Jeff Anderson ("Anderson Dec.") ¶ 3, Exhibit 1.  (ON Semiconductor

20   had intended to send these funds to one of its other vendors, and not to I2A).  *Id.*

21         ON Semiconductor discovered the mistake on January 4, 2010, and immediately

22   telephoned and sent e-mails and letters to I2A on January 6, 2010, January 13, 2010, and January

23   29, 2010 to explain that the payment was a mistake and to arrange for I2A immediately to return

24   the funds.  Anderson Dec. ¶ 4, Exhibit 2.  Defendants have refused to return the $613,649.46 but,

25   instead, have made occasional partial repayments totaling only $205,000.  Defendants transferred

26   $50,000 on February 9, 2010, $30,000 on February 10, 2010, $50,000 on April 1, 2010, $50,000

27   on June 1, 2010 and $25,000 on July 30, 2010.  Anderson Dec. ¶ 6, Exhibit 3.  This leaves

28   $408,649.46 still due.

PLAINTIFF ON SEMICONDUCTOR'S SUMMARY JUDGMENT MOTION
Case No. CV 10-603 TEH

1   ON Semiconductor currently owes I2A Technologies five outstanding payments for

2   $2,007.36, $1, 216.00, $1,570.80, $3,236.00, and $4,504.32, totaling $12,534.48.  Anderson Dec.

3   ¶ 8, Exhibit 4.  Deducting the $12,534.48 from the $408,649.46, Defendants owe ON

4   Semiconductor $396,114.98.  Anderson Dec. ¶ 9.

5   **III.    LEGAL ARGUMENT**

6   **A.    Standard for Summary Judgment**

7   Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if

8   the pleadings, depositions, answers to interrogatories and admissions on file, together with the

9   affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

10   party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v.*

11   *Catrett*, 477 U.S. 317, 325 (1986).  To meet its burden on a summary judgment motion, a plaintiff

12   need only show that the evidence is so one-sided that it must prevail as a matter of law.  *See*

13   *Coming Up, Inc. v. City and County of San Francisco*, 830 F. Supp. 1302, 1306 (N.D. Cal., Aug.

14   6, 1993).  "The mere existence of a scintilla of evidence" in support of the non-moving party's

15   position is insufficient.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-252 (1986).  The

16   opposing party must "come forward with sufficiently 'specific' facts from which to draw

17   reasonable inferences about other material facts that are necessary elements of the non-moving

18   party's claim."  *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1222 (9th Cir. 1995).

19   **B.    Defendants Are Liable to ON Semiconductor For Compensatory**
         **Damages Totaling $396,114.98.**

20

21   Damages caused by the wrongful conversion of property include 1) the value of the

22   property from the time of the conversion, with interest from that time; and 2) a fair compensation

23   for the time and money properly expended in pursuit of the property.  Cal. Civ. Code § 3336; *see*

24   *also Minor v. Christie's Inc.*, 2010 WL 2735040, *6 (N.D. Cal., July 12, 2010).

25   Conversion occurred on January 6, 2010, when ON Semiconductor sent an email to

26   Paulinus Nlemigbo, an I2A employee, advising him of the mistake and requesting that

27   Defendants immediately return all of the funds.  Anderson Dec. ¶ 4, Exhibit 2.  Defendants failed

28   to do so.  Deducting from the $613,496.46 transferred to I2A, (a) the $205,000 already repaid,

-2-

1    plus (b) the $12,534.48 that ON Semiconductor owes I2A, the value of the property is

2    $396,114.98, plus damage, as described below.

3         **C.    Defendants Should Pay ON Semiconductor Prejudgment Interest.**

4         Every person who is entitled to recover damages certain, or capable of being made certain

5    by calculation, and who had the right to recover damages vested in him on a particular day, is

6    entitled to recover interest from the date the right to recover vested.  *See* Cal. Civ. Code §

7    3287(a).  The Court's Order states that "the conversion occurred when Plaintiff approached . . .

8    Defendants that had control over the money deposited in the accounts, asked for the money to be

9    returned, and was refused."  Order at 4:27-5:2.  Therefore, ON Semiconductor has a right to

10   recover interest from January 6, 2010, the date when ON Semiconductor first contacted

11   Defendants to request the return of its $613,496.46.  *See* Anderson Dec. ¶ 4, Exhibit 2.

12        Absent any statute to the contrary, prejudgment interest runs at the constitutional rate of 7

13   percent.  *Pacific-Southern Mortg. Trust Co. v Ins. Co. of N. Am.*, 166 Cal. App. 3d 703, 716

14   (1985).  *See also* Cal. Const., art. XV, § 1.  Under federal statute 28 U.S.C. section 1961(a),

15   where interest is allowed on any money judgment in a civil case recovered in district court,

16   interest shall be calculated at a rate equal to the weekly average 1-year constant maturity Treasury

17   yield, as published by the Board of Governors of the Federal Reserve System.  28 U.S.C. §

18   1961(a).  Therefore, ON Semiconductor respectfully requests the Court to award to ON

19   Semiconductor prejudgment interest from the date the conversion occurred, January 6, 2010, to

20   the date of this Court's order, at the rate of 7% or the rate provided under 29 U.S.C. section

21   1961(a), which ever is higher.

22   **IV.    CONCLUSION**

23        For the foregoing reasons, ON Semiconductor requests the Court grant its Motion for

24   Summary Judgment on Compensatory Damages and order Defendants to pay ON Semiconductor

25   $396,114.98, plus prejudgment interest and leave the issue of punitive damages to be resolved at

26   trial.

27

28

1    DATED:  October 18, 2010                    **PERKINS COIE LLP**

2

3                                                By:  _____/s/ Michael A. Oblon_____
                                                      Michael A. Oblon

4                                                Attorney for Plaintiff
                                                SEMICONDUCTOR COMPONENTS
5                                                INDUSTRIES, L.L.C.

6    71058-0007/LEGAL19123754.1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

PLAINTIFF ON SEMICONDUCTOR'S SUMMARY JUDGMENT MOTION
Case No. CV 10-603 TEH