1  MICHAEL A. OBLON, (*admitted pro hac vice*)
   MOblon@perkinscoie.com
2  PERKINS COIE LLP
   607 14th Street N.W.
3  Washington, D.C. 20005-2003
   Telephone: (202) 434-1600
4  Facsimile: (202) 434-1690

5  Euphemia N. Thomopulos, SBN 262107
   EThomopulos@perkinscoie.com
6  PERKINS COIE LLP
   Four Embarcadero Center, Suite 2400
7  San Francisco, CA 94111-4131
   Telephone: (415) 344-7000
8  Facsimile: (415) 344-7050

9  Attorneys for Plaintiff
   SEMICONDUCTOR COMPONENTS
10 INDUSTRIES, L.L.C.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C. (dba ON Semiconductor),<br><br>Plaintiff,<br><br>v.<br><br>I2A TECHNOLOGIES, INC., and VICTOR BATINOVICH,<br><br>Defendants. | Case No. CV 10-603 TEH<br><br>**PLAINTIFF SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C.'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COMPENSATORY DAMAGES PURSUANT TO FED. R. CIV. P. 56(c);**<br><br>Date: November 22, 2010<br>Time: 10:00 a.m.<br>Ctrm.: Courtroom 12, 19th Floor<br>Before: Hon. Thelton E. Henderson |

**MEMORANDUM OF POINTS AND AUTHORITIES**

As conceded in their Opposition, there is no dispute that on December 18, 2009, "Plaintiff mistakenly transferred $613,649.46 to I2A." Opposition at 1:5-6. The only issues Defendants raise in their Opposition concern amounts that could be offset against that $613,649.46 to reflect (a) progress payments made by the Defendants, and (b) invoices from the Defendants to the Plaintiff in connection with certain ongoing business dealings between the parties. As discussed below, any such discrepancies are now resolved *in Defendants' favor* – the parties *agree* the amount properly due ON is $351,820.15. Because there are no material issues still in dispute about ON Semiconductor's claims for compensatory damages, the Court should enter an order awarding Plaintiff damages in the amount of $351,820.15. ON Semiconductor asks the Court, concurrent with the entry of such an order, to dismiss with prejudice ON Semiconductor's claims for punitive and compensatory damages. Thus, the order will be a final judgment for purposes of Fed. R. Civ. P. 58 and this litigation will be concluded.

**ARGUMENT**

Plaintiff's Motion accounted for certain progress payments from Defendants and certain unpaid invoices from the Defendants. In their Opposition, Defendants point to three material facts allegedly in dispute. First, Defendants state that they had in May 2010 made a $50,000 progress payment, which ON Semiconductor's motion had not accounted for. Opposition at 1:10-14. Second, Defendants state that they had, on February 10, 2010, made a progress payment for only $25,000, an amount $5,000 less than the $30,000 recorded as having been received by ON Semiconductor. *Id.* And third, Defendants argue that ON Semiconductor owes the Defendants $32,251.99, rather than the $12,534.48 ON Semiconductor had identified, for work performed. Opposition at 1:20-22.

ON Semiconductor now responds as follows:

First, having reviewed its records again, Plaintiff finds that Defendants are correct; ON Semiconductor had in fact received a $50,000 payment on May 4, 2010. Declaration of Jeff Anderson in Support of Plaintiff's Reply to Defendants' Opposition ("Anderson Dec.") ¶ 4.

- 1 -
PLAINTIFF ON SEMICONDUCTOR'S REPLY TO DEFENDANTS' OPPOSITION
Case No. CV 10-603 TEH

1  Accordingly, Defendants are correct that this amount should be deducted from the damages to be
2  awarded.

3      Second, although in his Declaration Mr. Batinovich claims Defendants returned $25,000
4  to ON Semiconductor on February 10, (Declaration of Victor Batinovich in Support of
5  Defendants' Opposition ¶ 3), the exhibits to his Declaration prove that Defendants actually
6  returned $30,000, the amount recorded in ON Semiconductor's records as having been received.
7  *See id.*, Ex. A, i2a 00001.  *See also* Declaration of Jeff Anderson in Support of Plaintiff's Motion
8  for Summary Judgment ¶ 7, Ex. 3, ON SEMICONDUCTOR 003.  While, certainly, ON
9  Semiconductor is amenable to receiving an *extra* $5,000 from Defendants, it acknowledges that
10 the Mr. Batinovich made this statement in error and that the progress payment was for the higher
11 amount ($30,000) reflected in Defendants' own records.

12     Finally, ON Semiconductor and the Defendants currently have an ongoing business
13 relationship.  Defendants' claim that ON Semiconductor owes the Defendants $32,251.99 for
14 work performed includes certain invoices issued, not to ON Semiconductor, but to certain foreign
15 entities related to ON Semiconductor.  Anderson Dec. ¶ 5.  Although ON Semiconductor does not
16 normally assume responsibility for invoices issued to those entities, it will, in the interest of
17 justice and to expedite resolution of this matter, agree that these invoices may properly be
18 deducted from the damages award.

19     Accordingly, it is undisputed that the amount due ON Semiconductor is as follows:

20     $613,649.46 (amount erroneously transferred to I2A)
21   - $255,000.00 (the sum of the six progress payments between February and July)[1]
       ---------------------------------------------------------------------------------
22   = $358,649.46
     +   25,422.68 (for 7% simple interest under California Civil Code section 3287(a))
23     ---------------------------------------------------------------------------------
     = $384,072.14
24   -  $32,251.99  (payments due I2A from ON Semiconductor and foreign affiliates)
25     ---------------------------------------------------------------------------------
     = $351,820.15 (Total).

26 ---
[1] The sum of the progress payments is computed as follows:  Defendants transferred back
27 $50,000 on February 9th, $30,000 on February 10, $50,000 on April 1st, $50,000 on May 4th,
   $50,000 on June 1st, and $25,000 on July 30th, totaling $255,000 that Defendants have
28 transferred back to ON Semiconductor.

-2-
PLAINTIFF ON SEMICONDUCTOR'S REPLY TO DEFENDANTS' OPPOSITION
Case No. CV 10-603 TEH

1 | *See also* Anderson Dec. ¶ 7.

2 |     Concurrent with the entry of such an order, the Court to should dismiss ON Semiconductor's claims for punitive and exemplary damages.  The order will thus constitute a final judgment under Fed. R. Civ. P. 58 and resolve this litigation.

DATED:  November 11, 2010        **PERKINS COIE LLP**

By: /s/ Michael A. Oblon
     Michael A. Oblon

Attorney for Plaintiff
SEMICONDUCTOR COMPONENTS
INDUSTRIES, L.L.C.

71058-0007/LEGAL19551716.1

<u>Certificate of Service</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served on this 11th Day of November, 2010, with a copy of this document via the court's CM/ECF system. I certify that all parties who have appeared in this case are represented by counsel who are CM/ECF participants. Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

                                                           /s/ Cheryl Allen
                                                             Cheryl Allen

PLAINTIFF ON SEMICONDUCTOR'S REPLY TO DEFENDANTS' OPPOSITION
Case No. CV 10-603 TEH